**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| ELECTION INTEGRITY FUND, *et al.*, ) | |
| ) | Case No. 1:20-cv-00805 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **ORAL ARGUMENT** |
| GRETCHEN WHITMER, in her official ) | **REQUESTED** |
| capacity as Governor of Michigan, ) | |
| ) | |
| Defendant. ) | |

**EXPEDITED CONSIDERATION REQUESTED**

**PLAINTIFFS' CONSOLIDATED MOTIONS FOR**
**PRELIMINARY INJUNCTION & EXPEDITED CONSIDERATION**

COME NOW Plaintiffs Election Integrity Fund and One Nation Michigan, pursuant to Fed. R. Civ. P. 65, and move the Court for a preliminary injunction. In support of this Consolidated Motion, Plaintiffs state:

1. Defendant's enforcement of her executive orders which ban most in-person gatherings prevent and discourage Plaintiffs' exercise of free speech and association in violation of the First and Fourteenth Amendments, which are enforceable against Defendant through 42 U.S.C. § 1983.

2. Plaintiffs planned to hold several events – including political rallies, meetings, and training sessions for election challengers – leading up to the November 3 election which constitute core political speech and assembly protected by the First Amendment. These plans included meetings, rallies, and other events in August, September, October, and November. However, the Governor's orders prohibit these gatherings from taking place because the events will likely exceed the attendance limits imposed in EO 2020-160. Plaintiffs are not only banned from holding these events, but they face a credible threat of prosecution if they engage in these events as planned.

Faced with this threat, Plaintiffs have already had to cancel some events they had planned because they were not permitted under the Governor's order and potential attendees feared reprisal and criminal prosecution if the events were held. Plaintiffs will have to continue to cancel their events as long as the Governor's sweeping prohibitions on most in-person events remain in place, chilling their First Amendment rights.

3. For the reasons stated in this Motion and for those set forth in Plaintiffs' Suggestions in Support filed contemporaneously with this Motion and incorporated herein by reference, Plaintiffs submit that the Court should issue a preliminary injunction preventing Defendant Gretchen Whitmer, in her official capacity as Governor of Michigan, and all persons in active concert or participation with her who receive actual notice of the injunction, from taking any action to:

    a. prohibit Plaintiffs from holding the events outlined in Paragraphs 44 and 46 of their Complaint or any substantially similar events, under the authority of EO 2020-160 or any future restrictions which are substantially similar to the restrictions in EO 2020-160;

    b. cite, prosecute, punish, or otherwise enforce the in-person attendance limits in EO 2020-160 or any future restrictions which are substantially similar against Plaintiffs as a result of Plaintiffs holding the events outlined in Paragraphs 44 and 46, or any substantially similar events; and,

    c. enter or enforce any provisions in her executive orders which prohibit Responsible Politicking, as that term is defined in Plaintiffs' Complaint, including but not limited to EO 2020-160(7).

4. Plaintiffs respectfully move for expedited consideration of their Motion for Preliminary Injunction pursuant to LCivR 7.1(e). The relief requested in the Motion for

Preliminary Injunction and the accompanying Suggestions in Support will be rendered moot if the Motion is briefed in accordance with the schedules set forth in LCivR 7.2(c). There are only 60 days remaining between the filing of this Motion and the November 3, 2020 General Election. Under the normal briefing schedule in LCivR 7.2(c), most of those days would be lost. Oral argument will consume additional precious time in which the Plaintiff civic groups must sit on their hands rather than engaging in First Amendment protected conduct prior to the election. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Even if Plaintiffs receive a favorable result on the most expeditious timeline under the normal schedule, their relief would be limited to fitting several months of retail politicking into an 18-day period. The Court should grant expedited consideration of Plaintiff's Motion to avoid mooting the requested relief and to expeditiously determine whether Plaintiffs' – and all Michiganders' – First Amendment rights are violated by the Governor's broad ban on most in-person gatherings.

5. The parties are conferring and Plaintiffs hope to present to the Court, by Stipulation, a briefing schedule that would have briefing completed by September 21, 2020, and would be ready thereafter for oral argument at the Court's earliest convenience.

6. Plaintiffs respectfully request oral argument pursuant to LCivR 7.2(d).

WHEREFORE, Plaintiffs respectfully request that the Court:

   a. Grant expedited consideration of this Motion pursuant to LCivR 7.1(e);
   b. Grant oral argument on this Motion pursuant to LCivR 7.2(d);
   c. Issue a preliminary injunction against Defendant as outlined in ¶3, *supra*; and,
   d. Order such other and further relief as justice requires.

Respectfully submitted this 4th day of September 2020.

                                            **GRAVES GARRETT, LLC**

                                            */s/ Edward D. Greim*
                                            Edward D. Greim
                                            Special Counsel, Thomas More Society
                                            Missouri Bar No. 54034
                                            GRAVES GARRETT, LLC
                                            1100 Main Street, Suite 2700
                                            Kansas City, Missouri 64105
                                            Tel.: (816) 256-3181
                                            Fax: (816) 222-0534
                                            edgreim@gravesgarrett.com

                                            *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I, Edward D. Greim, certify that on September 4th, 2020, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification to the following via e-mail:

Neil Anthony Giovanatti
Samantha Loree Reasner
Assistant Attorney General
Michigan Department of Attorney General
Health, Education & Family Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-7603
giovanattin@michigan.gov
reasners@michigan.gov

Respectfully submitted this 4th day of September 2020.

                **GRAVES GARRETT, LLC**

                */s/ Edward D. Greim*
                Edward D. Greim
                Special Counsel, Thomas More Society
                Missouri Bar No. 54034
                GRAVES GARRETT, LLC
                1100 Main Street, Suite 2700
                Kansas City, Missouri 64105
                Tel.: (816) 256-3181
                Fax: (816) 222-0534
                edgreim@gravesgarrett.com

                *Attorney for Plaintiffs*