UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTION INTEGRITY FUND            )
and ONE NATION MICHIGAN,           )
          Plaintiffs,            )
                                  )   No. 1:20-cv-805
-v-                                )
                                  )   Honorable Paul L. Maloney
GRETCHEN WHITMER,                  )
          Defendant.             )
                                   )

## ORDER DISMISSING MOTION FOR PRELIMINARY INJUNCTION

Defendant Governor Gretchen Whitmer issued a series of Executive Orders designed to reduce the spread of COVID-19, which included limits on the number of people who can participate in social gatherings and planned events. Plaintiffs assert that these limitations violate their First Amendment rights to free speech and assembly. Plaintiffs seek a preliminary injunction. (ECF No. 6.) The Court held a hearing on Friday, October 2, 2020.

At the end of that day, the Michigan Supreme Court issued an opinion holding that Defendant Whitmer lacked the authority under the Emergency Management Act of 1976 to declare a state of emergency. *In re Certified Questions from the United States District Court, Western District of Michigan*, —N.W.2d—, 2020 WL 5877599, (Mich. Oct. 2, 2020.) The Court further held that the executive orders issued in response to the COVID-19 pandemic "now lack any basis under Michigan law." *Id.* On Sunday, October 4, 2020, Attorney General Dana Nessel announced that her office would no longer enforce Defendant Whitmer's executive orders through criminal prosecution.

The Court concludes the Michigan Supreme Court's decision and the Michigan Attorney General's statement render Plaintiffs' motion moot. Courts can raise mootness on their own; the issue need not be raised by the parties. *See St. Paul Fire & Marine Ins. Co. v. Barry,* 438 U.S. 531, 537 (1978) ("At the threshold, we confront a question of mootness. Although not raised by the parties, this issue implicates our jurisdiction."); *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986) ("Because mootness implicates federal court jurisdiction under Article III, we are obliged to consider the question on our own motion."). The Attorney General's press release states that her decision does not bind other departments or agencies with independent enforcement authority. This lawsuit, however, challenges only the executive orders, and not other sources of enforcement. And, Plaintiffs name only Gretchen Whitmer as a defendant.

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S 486, 496 (1969); *see Ermold v. Davis,* 855 F.3d 715, 718-19 (6th Cir. 2017).. "[I]t is not enough that a dispute was very much alive when suit was filed, or when review was obtained," the case-or-controversy requirement remains "through all stages of federal judicial proceedings[.]" *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990). "Thus, when a case at first presents a question concretely affecting the rights of the parties, but—as a result of events during the pendency of the litigation—the court's decision would lack any practical effect, the case is moot." *Ohio v. Environmental Protection Agency,* 969 F.3d 306, 308 (6th Cir. 2020).

For the purpose of this motion for a preliminary injunction, the Court concludes that Attorney General Nessel's announcement does not constitute voluntary cessation. The Attorney General did not voluntarily decline to enforce the executive orders. The Michigan Supreme Court held that the Governor lacked the authority to issue the orders. By extension, the Attorney General cannot enforce the orders.

For these reasons, the Court **DISMISSES AS MOOT** Plaintiffs' motion for a preliminary injunction (ECF No. 6). **IT IS SO ORDERED.**

Date: October 5, 2020                          /s/ Paul L. Maloney
                                               Paul L. Maloney
                                               United States District Judge